# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **SHARON EIDSON, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CV: 4:19-cv-459-KOB** |
| ) | |
| **ALBERTVILLE AUTO** ) | |
| **ACQUISITIONS, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MOTION TO PERMIT LIMITED DISCOVERY ON THE ENFORCEABILITY OF THE ARBITRATION AGREEMENT

**COMES NOW** the Plaintiffs, **SHARON EIDSON**, individually and as representative of all Class Members, by and through their attorneys of record, and hereby move the Court to permit Limited Discovery for the purpose of challenging the enforceability of an arbitration agreement and Motion to Stay Action and Compel Arbitration filed by Albertville Auto Acquisitions, Inc. ("Albertville Auto") and Sandra Tidwell ("Tidwell") and further states as follows:

1. Defendant Albertville Auto is a foreign corporation, incorporated under the laws of the State of Florida. Albertville Auto Acquisitions does business as

      Nissan of Albertville and Team One Nissan of Albertville in Marshall County, Alabama.

2. Defendant Sandra Tidwell was an employee/sales manager of Defendant Albertville Auto at the time of the violations stated in the Complaint. Defendants Albertville Auto and Tidwell are collectively referred to as "Defendants."

3. Plaintiff Sharon Eidson bought a vehicle from Defendants on March 16, 2017.

4. During the purchase, Ms. Eidson signed many documents presented to her. Some were paper while others were electronic. Ms. Eidson signed documents in an electronic signature pad; she signed documents on paper; she signed documents that were not completely filled out; and signed documents that were not presented to her in their entirety. Moreover, Ms. Eidson was not permitted to adequately review those documents or consult with her family before signing any of the documents.

5. In order to secure financing, the Defendants misrepresented Ms. Eidson's income – without her permission, knowledge, or consent – to the various financial institutions, including TD Bank. TD Bank is the creditor on the Eidson transaction.

6. When a creditor makes a lending decision, the buyer's income is essential and a key factor in the decision to extend credit, which is used in part to evaluate a person's creditworthiness, including the ability to make the monthly payments of the vehicle.

7. The ratio of income to monthly payment is a significant factor to the lender in approving or declining credit. In other words, if the buyer's income is too low, then the lender will not approve the credit application.

8. Car dealers, such as the Defendants in this case, are financially incentivized to sell as many cars as possible. To close more sales, the Defendants misrepresented Eidson's income and almost certainly misrepresent other buyers'/class members' income to secure approval of the credit application, which increases the ability to close a sale. Indeed, sales are conditioned on financing by the terms of the agreement.

9. The Defendants forged Ms. Eidson's credit application. [Doc. 14-2, Eidson Affidavit].

10. Defendants have filed a Motion to Stay Action and Compel Arbitration. [Doc. 7].

11. In her Complaint (and Response to Motion to Stay and Compel Arbitration [Doc. 14]), Plaintiff made claims, that if true, will be clear grounds for this

Court to deny Defendants' Motion to Stay and Compel Arbitration. Some of those claims are as follows:

   a. Plaintiff claims that the signature in the arbitration agreement and/or other documents is not hers and was forged.

   b. Defendants changed, altered and/or misrepresented her income in the credit application, which is an essential term in a critical agreement.

   c. The terms of the arbitration agreement are unconscionable.

12. Ms. Eidson has alleged, and presented evidence of, fraud in the factum. Ms. Eidson should be entitled to review the original transaction documents; review the terms related to the transaction; scrutinize the authenticity of the signature (and terms); and present evidence to the record so that the Court can determine whether the arbitration agreement should be enforced.

13. Ms. Eidson has also alleged that the arbitration agreement is unconscionable. While certain indicia of unconscionability have been presented through the evidentiary submission, to fully present all of the evidence and establish additional indicia of unconscionability, limited discovery is needed.

14. For example, to prove the following indicia of unconscionability, a plaintiff must present evidence of:

   a. Mutual assent;

   b. Mutuality of remedy;

  c. Overwhelming bargaining power;

  d. Absence of meaningful choice;

  e. Among others.

15. Therefore, Ms. Eidson requests an opportunity to conduct limited discovery on these narrow issues, including, but not limited to, discovery on unconscionability, an inspection of the original documents, subpoenas to the financing companies involved, and to other dealers about their use of arbitration clauses at the time to show lack of meaningful choice.

16. While Plaintiffs do not have consent to this Motion, based on communications between counsel, Plaintiffs do not anticipate opposition.

17. If the Court grants this Motion, Ms. Eidson would suggest that the Parties submit a joint proposed scheduling order on the limited discovery along with a supplemental briefing schedule.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs respectfully request that this Court permit limited discovery on the enforceability of the agreements, including the arbitration agreement in consideration of the Motion to Stay and Compel Arbitration and grant any other or further relief that this Court deems appropriate.

**DATED: May 17, 2019**

Respectfully submitted,

| | |
|---|---|
| */s/ Jason L. Yearout* | */s/ J. Gusty Yearout* |
| Jason L. Yearout, (ASB-4487-T80J) | */s/ Freddy Rubio* |
| J. Gusty Yearout, (ASB-6253-A43J) | Sigfredo Rubio (ASB-5403-D62R) |
| *Attorneys for Plaintiffs* | *Attorney for Plaintiffs* |
| **YEAROUT & TRAYLOR, P.C.** | **RUBIO LAW FIRM, P.C.** |
| 3300 Cahaba Road, Suite 300 | 438 Carr Avenue, Suite 1 |
| Birmingham, AL 35223 | Birmingham, AL 35209 |
| t. 205.414.8160 | t. 205.443.7858 |
| f. 205.795.7169 | e. frubio@rubiofirm.com |
| e. jyearout@yearout.net | |
| e. gyearout@yearout.net | |

## CERTIFICATE OF SERVICE

This is to certify that on **May 17, 2019,** I have served a true and correct copy of the above and foregoing by filing it through the CM/ECF system, which provides electronic service on all counsel of record for all parties, including the following:

Jeffrey L. Ingram
Gage C. Smythe
**Galese & Ingram, P.C.**
800 Shades Creek Pkwy., Ste. 300
Birmingham, AL 35209
t. 205.870.0063
f. 205.870.0681
e. jeff@galese-ingram.com
e. gage@galese-ingram.com

*/s/ Jason L. Yearout*
Of Counsel