# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| SHARON EIDSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:19-CV-00459-KOB |
| | ) |
| ALBERTVILLE AUTO ACQUISITIONS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter comes before the court on Defendants' motion to compel arbitration. (Doc. 7.) Plaintiff Sharon Eidson brought this action on March 18, 2019, alleging eleven counts stemming from "the predatory practices of automobile dealerships targeting lower-income borrowers and taking advantage of those without meaningful access to credit." (Doc. 21 at 1–2.) Ms. Eidson's eleven claims include various iterations of identity theft; unjust enrichment; fraud; negligence, wantonness, and/or recklessness; negligent training and supervision; conspiracy; and violations of the Racketeer Influenced and Corrupt Organizations Act. (*Id.* at 15–35.)

Defendants filed the instant motion on April 16, 2019, alleging that Ms. Eidson signed a written agreement subjecting to binding arbitration all claims arising from her purchase of a vehicle from Defendants on March 16, 2017. After the court ordered Ms. Eidson to show cause why the court should not enforce the arbitration agreement (Doc. 9), Ms. Eidson asked the court for limited discovery regarding arbitration (Doc. 15), which the court granted. (Doc. 16). Following a series of delays—which included an extension of time and an amended complaint—Ms. Eidson and Defendants submitted briefs to the court concerning arbitration. (Docs. 27, 32.)

For the reasons explained below, the court will GRANT Defendants' motion to compel arbitration.

**Facts**

Ms. Eidson—a retiree who lives on a fixed income of approximately $1,259.60 per month—alleges that on March 16, 2017, after receiving a "prize notification" from Defendant Nissan of Albertville, she attempted to claim her prize at the dealership and was instead hustled into purchasing a new vehicle that she could not afford. (Docs. 14-2, 21.) Beyond sending Ms. Eidson the dubious prize notification, Ms. Eidson contends that Defendants fraudulently concealed the total price of the vehicle and inflated Ms. Eidson's income on the credit application. (*Id.* at 11–13.) Most relevant to the motion before the court, Ms. Eidson also alleges that Defendants twice forged her signature on the accompanying credit application. (Doc. 27 at 2–4.) Ms. Eidson retained the services of a forensic document examiner who reviewed these two signatures and swore via affidavit that the signatures, in his opinion, are not Ms. Eidson's. (Doc. 27-1.)

Although Ms. Eidson initially contended that Defendants may have forged her signature on the arbitration agreement itself (Doc. 15 at 4), she no longer appears to make that claim. Based on the forensic document examiner's opinion, Ms. Eidson now only alleges that Defendants forged two signatures on the credit agreement. (Doc. 27 at 2–4.) Because Defendants allegedly forged her signature, Ms. Eidson argues, Defendants committed fraud in the factum, which voids any arbitration agreement. (*Id.* at 6–8.) She alternatively argues that the arbitration agreement is unconscionable. (Doc. 14 at 13–19.)

**Standard**

The Federal Arbitration Act provides that "an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be

valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This statutory language underscores a "strong federal policy favoring the enforceability of arbitration contracts." *Koullas v. Ramsey*, 683 So. 2d 415, 416–17 (Ala. 1996) (citing *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 271 (1995)). "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or . . . [a] defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). A court should not deny arbitration unless it can determine "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Tech., Inc. v. Communications Workers of Am., Inc.*, 475 U.S. 643, 650 (1986).

**Analysis**

Ms. Eidson provides two reasons why the court should deny Defendants' motion to compel arbitration. She first argues that Defendants engaged in fraud, which should void the arbitration agreement. She also alleges that the arbitration agreement is unconscionable. The court addresses each argument below.

   *A. Fraud*

Ms. Eidson contends that Defendants fraudulently inflated her income on the credit application to enhance her credit eligibility; she also alleges that Defendants twice forged her signature on the credit agreement. These allegations present two legal issues: first, whether Ms. Eidson describes fraud in the inducement or fraud in the factum; and second, whether the arbitration agreement is severable from the credit agreement.

   1. *Fraud in the factum versus fraud in the inducement*

The parties disagree over whether Ms. Eidson's allegations of doctored income figures and two forged signatures on the credit agreement constitute a claim of fraud in the inducement or fraud in the factum. (Doc. 27 at 6; Doc. 28 at 10.) If the "allegation is one of fraud in the factum . . . the issue is not subject to resolution pursuant to an arbitration clause." *Cancanon v. Smith Barney, Harris, Upham & Co.*, 805 F.2d 998, 1000 (11th Cir. 1986). But allegations of fraud in the inducement are arbitrable. *Id.*

Fraud in the inducement occurs when one party detrimentally relies on another party's misrepresentations about a material fact pertaining to the underlying transaction. *Reynolds v. Credit Sols., Inc.*, 541 F. Supp. 2d 1248, 1260 (N.D. Ala. 2008) (rev'd on other grounds.) Fraud in the factum "occurs when a party procures another party's signature to an instrument without knowledge of its true nature or contents." *Id.*

In this case, Defendants argue that Ms. Eidson alleges fraud in the inducement because she "does not allege that she thought she was misrepresented as to the character of the contract to purchase the vehicle; rather, she claims that she would not have purchased the vehicle but for her income being misrepresented." (Doc. 28 at 6.) But the Eleventh Circuit has made clear that "ineffective assent to the contract" constitutes fraud in the factum and voids any arbitration agreement. *Cancanon*, 805 F.2d at 1000. Even more unequivocally, the Eleventh Circuit ruled that "fraud in the factum include[s] forgery of signature, physical coercion, and the like." *Solymar Invs., Ltd. v. Banco Santander, S.A.*, 672 F.3d 981, 995 (11th Cir. 2012). In this case, Plaintiff asserts that she did not assent to essential terms of the contract and that Defendants forged her signature—both of which appear to constitute non-arbitrable fraud in the factum.

2. *Severability*

But even if a plaintiff plausibly alleges fraud in the factum, the contract may still be arbitrable if the arbitration agreement is severable from the portion(s) of the agreement tainted by fraud. Where a party challenging an arbitration agreement presents a plausible claim of fraud *as to the arbitration agreement itself*, then the court should consider the merits of fraud claim. *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 71 (2010) ("If a party challenges the validity under [the Federal Arbitration Act] of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement"). But where, as here, a "party's challenge [concerns] another provision of the contract, or to the contract as a whole," the arbitration segment of the contract is "severable from the remainder of the contract" and remains enforceable. *Id.* at 70–71. *See also Coleman v. Prudential Bache Secur., Inc*., 802 F.2d 1350, 1352 (11th Cir. 1986) (enforcing an arbitration agreement when a plaintiff alleged fraud regarding an underlying contract); *Goulart v. Snap-On Tools Corp.*, 00-D-521-S, 2000 U.S. Dist. LEXIS 18929, at *19 (M.D. Ala. Nov. 30, 2000) (enforcing an arbitration agreement even when in-factum fraud appeared to taint another part of the contract at issue.)

Here, Ms. Eidson does not assert that Defendants forged her signature on the arbitration agreement—only on portions of the credit agreement. Because Ms. Eidson's fraud allegations do not reach the arbitration agreement itself, the credit agreement and arbitration agreement are severable, which means that Ms. Eidson's fraud claims—and the rest of her claims—are arbitrable.

### B. Unconscionability

Ms. Eidson also contends that the arbitration contract is unconscionable. When a party raising the defense of unconscionability challenges "the arbitration clause itself, as opposed to the contract as a whole, the court, and not the arbitrator, resolves the issue." *Green Tree Fin.*

*Corp. v. Wampler*, 749 So. 2d 409, 413 (Ala. 1999). Here, Ms. Eidson alleges that the arbitration agreement is unconscionable (Doc. 14 at 12), so the court must address her contentions.

Regarding unconscionability, Ms. Eidson argues that the arbitration agreement (1) is overbroad, (2) grants too much power to an unreliable arbitrator, and (3) still possibly allows Defendants to litigate some of their claims while locking her claims into arbitration. (*Id.* at 13–19.)

An unconscionable contract contains two elements: "(1) terms that are grossly favorable to a party that has (2) overwhelming bargaining power." *Am. Gen. Fin. v. Branch*, 793 So. 2d 738, 748 (Ala. 2000). In the arbitration context, the Alabama Supreme Court re-casts these elements in terms of "procedural" and "substantive" unconscionability. *Blue Cross Blue Shield v. Rigas*, 923 So. 2d 1077, 1087 (Ala. 2005). Procedural unconscionability refers to whether the party that signs the agreement has a "meaningful choice" of acquiring the desired goods or services through alternative means. *Leeman v. Cook's Pest Control, Inc.*, 902 So. 2d 641, 646 (Ala. 2004).

On the other hand, a substantively unconscionable arbitration agreement contains terms that

> impair the integrity of the bargaining process or otherwise contravene the public interest or public policy; terms (usually of an adhesion or boilerplate nature) that attempt to alter in an impermissible manner fundamental duties otherwise imposed by the law, fine-print terms or provisions that seek to negate the reasonable expectations of the nondrafting party, or unreasonably and unexpectedly harsh terms having to do with price or other central aspects of the transaction.

*Family Sec. Credit Union v. Etheredge*, 238 So. 3d 35, 39 (Ala. 2017) (citations omitted). A party seeking to void an arbitration agreement must show *both* procedural and substantive unconscionability. *Id.*

Here, Ms. Eidson has shown little evidence of procedural unconscionability. She appears to raise the issue by alleging that (1) Defendants drafted the arbitration agreement, and (2) she could not purchase the vehicle without signing the arbitration agreement. (Doc. 14 at 19.) But the relevant question is not whether she could purchase a vehicle from *Defendants* without signing an arbitration agreement, but whether she had a meaningful choice in obtaining a vehicle from *any source* without signing an arbitration agreement. *See Rigas*, 923 So. 2d at 1087 ("In determining whether an arbitration agreement is procedurally unconscionable, we have looked at whether the consumer could obtain the product from the vendor or from another vendor without agreeing to an arbitration provision.").

Ms. Eidson has not alleged that she could not procure a vehicle from any vendor without signing an arbitration agreement. In the early stages of the suit, Ms. Eidson asserted that "[d]iscover[y] is needed on the issue of meaningful choice. Plaintiff will be filing a motion for limited discovery." (Doc. 14 at 13.) But even after discovery, she did not address this issue. Because Ms. Eidson has not shown the required element of procedural unconscionability, her entire unconscionability argument fails, and the court need not analyze whether the arbitration agreement is substantively unconscionable.

**Conclusion**

For the reasons explained above, the court will GRANT Defendants' motion to compel arbitration (Doc. 7) and STAY the case pending the outcome of arbitration. *See Shearson/American Express v. McMahon*, 482 U.S. 220, 226 (1987). ("[A] court must stay its proceedings if it is satisfied that an issue before it is arbitrable."). The court will enter a separate order accompanying this memorandum opinion.

**DONE** and **ORDERED** this 25th day of November, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE